CLD-084                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1067
_____

IN RE: PALANI KARUPAIYAN,

                                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2:23-cv-20928)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 7, 2024

Before: KRAUSE, FREEMAN, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed April 8, 2024)
_____

OPINION*
_____

PER CURIAM

        Palani Karupaiyan, a frequent litigant, filed suit in the United States District Court

for the District of New Jersey, related to, inter alia, the towing of his Porsche Cayenne, in

which he had been living; the appointment of United States Supreme Court justices; and

what he characterizes as the attempted abduction of his children to the Republic of India.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Karupaiyan would like us to exercise our mandamus authority to provide him with the relief that he seeks in the District Court and more. Specifically, he asks that we order the United States to amend the Constitution in several ways; change how Supreme Court justices, federal circuit and district judges, and some New Jersey state court judges are appointed (and invalidate the appointment of one justice); enact a universal family law; and abolish the Electoral College. He further requests that we order the Republic of India to release his United States citizen children. He also asks us to enter orders against New Jersey to strike down New Jersey's constitution and the New Jersey Supreme Court; move New Jersey municipal judges onto the New Jersey Judiciary payroll; disallow some New Jersey judicial appointments; deposit New Jersey traffic violations fines into the New Jersey treasury; remove his traffic ticket to federal court; and institute a system that allows for jury trials in any New Jersey trial, including municipal hearings on traffic tickets. And he wants us to order Woodbridge Township, New Jersey, to pay him $295 per day for each day that he is without his Porsche.

Under 28 U.S.C. § 1651, we have the authority to "issue all writs necessary or appropriate in aid of [our jurisdiction] and agreeable to the usages and principles of law." That authority does not extend to entertaining claims brought in the first instance, and issuing writs against states and their officials, or the United States government, let alone other countries like the Republic of India.

Traditionally, we issue such a writ of mandamus only when a district court "has made an error of jurisdictional dimension," and we use it "to confine an inferior court to a

lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." See United States v. Christian, 660 F.2d 892, 893 (3d Cir. 1981) (internal quotation marks and citation omitted). But it is not clear if Karupaiyan asks us to order the District Court or the District Judge to do anything. To the extent that he may be requesting that we order the District Court to grant the relief that he sought there, we conclude that mandamus relief is not appropriate. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (2011) (explaining that a petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable").

For these reasons, the petition for a writ of mandamus is denied.

3